IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 06-10033-01-WEB & |
| ) | 06-cm-60058-01-WEB |
| CARLOS CEJA-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

The court has received defendant Carlos Ceja-Martinez's Motion to Correct Judgment. After reviewing the motion, the file, and the applicable law, the court concludes that the motion provides no grounds for relief. Accordingly, the motion will be denied.

In substance, defendant's motion argues that under a November 1, 2007 amendment, the U.S. Sentencing Guidelines were "modified to preclude the use of certain driving violations and other misdemeanor offenses in the calculation of an offender's criminal history score," such that this court "erroneously used a noncountable misdemeanor conviction and two driving related convictions in the calculation of Mr. Martinez's criminal history score." Doc. 20 at 3. Accordingly, defendant argues, "the sentence imposed on the defendant was unlawful under Title 18 U.S.C. § 3742(e)(2)." *Id.* Defendant's motion argues that Rule 36 of the Rules of Criminal Procedure allows the court to grant relief, and further argues that 18 U.S.C. § 3742(a)(1) and (e)(2) allow him to raise the issue in this motion.

Rule 36 allows a district court to correct clerical or other inadvertent errors in a judgment; it has no application where the defendant claims that his sentence should be reduced

because of a subsequent amendment to the guidelines.  Likewise, section 3742(a)(1) and (e)(2) are unavailable because they deal with direct appeals from criminal judgments, not collateral attacks.  At any rate, any appeal under § 3742 would clearly be untimely at this point.  *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed within 10 days of the entry of judgment).

In substance, defendant's motion appears to be a request for modification of a sentence pursuant to 18 U.S.C. § 3582(c)(2).  That section applies where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  The statute provides that after considering the factors in § 3553(a), a district court may reduce the term of imprisonment in such a case "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Defendant's motion claims his sentencing range has been lowered by a November 1, 2007 amendment.  He is presumably referring to Amendment 709, which made changes in the way criminal history is calculated, including by removing certain misdemeanor and petty offenses from the list of offenses that count in criminal history.  Defendant's motion does not actually show that his sentencing range would be affected by Amendment 709, but even assuming it was, this particular amendment was not made retroactive by the Sentencing Commission.  *See* USSG 1B1.10(c).  As such, this court has no authority to reduce defendant's sentence because a reduction would not be consistent with the Sentencing Commission's policy statements.  *See United States v. Tyner*, 2008 WL 519627 (10th Cir., Dec. 12, 2008); *United States v. Barnum*, 2009 WL 405896 (5th Cir., Feb. 19, 2009); *United States v. Hidalgo*, 2009 WL 274928 (3rd Cir., Feb. 5, 2009).

*Conclusion*.

Defendant's Motion to Correct Judgment (Case 06-10033, Doc. 20) and Motion to Correct Revocation Judgment (Case 06-cm-60058, Doc. 23) are DENIED. Defendant's request for the appointment of counsel is likewise denied. IT IS SO ORDERED this  26th  Day of February, 2009, at Wichita, Ks.

s/Wesley E. Brown  
Wesley E. Brown  
U.S. Senior District Judge
